# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Craig M. Huska<br>_Debtor_<br><br>Fairway Independent Mortgage Corporation<br><br>                                                   _Movant_<br>vs.<br><br>Craig M. Huska<br>                                           _Debtor_<br><br>Scott F. Waterman, Esquire<br>                                           _Trustee_ | CHAPTER 13<br><br><br><br>NO. 20-11035 AMC<br><br><br><br><br>11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.     The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is **$8,793.89,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | October 2021 to November 2021 in the amount of $2,282.12/month<br>December 2021 to January 2022 in the amount of $2,438.02/month |
| Suspense Balance: | $1,884.41 |
| Fees & Costs Relating to Motion: | $1,238.00 |
| **Total Post-Petition Arrears** | **$8,793.87** |

2.     Debtor(s) shall cure said arrearages in the following manner;

     a)     Debtor shall make an installement payment in the amount of **$5,000.00** on or before January 31, 2022;

     b)     Debtor shall make an installment payment in the amount of **$2,555.87** on or before February 28, 2022;

     c)     Beginning on February 1, 2022, Debtor shall resume regular monthly payments of $2,438.02 on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

     d)     Beginning on March 1, 2022 and continuing through June 1, 2022, until the arrearages are cured, Debtor(s) shall also pay an installment payment of **$309.50** towards the arrearages on or before the last day of each month.

3. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: January 10, 2022

By: /s/ Rebecca A. Solarz, Esquire
Attorney for Movant

Date: 1/13/2022

David B. Spitofsky, Esquire
Attorney for Debtor

Date: *January 19, 2022*            */s/ Ann E. Swartz, Esquire, for*
Scott F. Waterman, Esquire
Chapter 13 Trustee

Approved by the Court this _____ day of _____, 2022. However, the court retains discretion regarding entry of any further order.

_____
Bankruptcy Judge
Ashely M. Chan